UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TEA 4 USA, LLC, <br> Plaintiff, <br><br> v. <br><br> TFORCE FREIGHT, INC., and <br> GLOBALTRANZ ENTERPRISES, INC., <br> DefendantS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 4:25-cv-40035 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1337(a), 1441 and 1446, Fed. R. Civ. P. 81(c) and Local Rule 81.1, Defendant TForce Freight, Inc. ("TForce") hereby removes the action captioned *Tea 4 USA, LLC v. TForce Freight, Inc. and GlobalTranz Enterprises, Inc.*, Civil Action no. 2568CV000017, now pending in the Clinton (Massachusetts) District Court, Worcester County (the "Civil Action"), to the United States District Court for the District of Massachusetts. In support of this removal, TForce states as follows:

1. On or about January 30, 2025, Plaintiff Tea 4 USA, LLC filed the Civil Action in the Clinton (Massachusetts) District Court, Worcester County, against TForce and GlobalTranz Enterprises, Inc. ("GlobalTranz"). TForce was served with copies of the Summons and Plaintiff's Complaint on February 14, 2019. Copies of the Summons and Complaint served on TForce are attached hereto at **Exhibit 1**. The time within which a notice of removal must be filed has not expired. No other pleadings or process has been served on TForce in the Civil Action.

2. In its Complaint, Plaintiff brings claims and seeks damages under the Carmack Amendment (49 U.S.C. § 14706), breach of contract, M.G.L. c. 106, § 2-722, negligence, and M.G.L. c. 93A, §§ 2 and 11. *See* **Exhibit 1**, *Complaint* at Counts I-V. Plaintiff claims that certain

goods were stolen that are valued at $18,666.66. *See* **Exhibit 1**, Complaint at ¶ 15 and Civil Action Cover Sheet. All of the Plaintiff's claims against TForce arise out of TForce's transportation of two pallets of Plaintiff's goods from Clinton, Massachusetts to a warehouse in Orange, New Jersey, which Plaintiff alleges were delivered to the wrong address and ultimately stolen. *See* **Exhibit 1**, *Complaint*, ¶¶ 6-14.

3. This Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. §1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and 28 U.S.C. § 1337(a) because the amount alleged in the Complaint is greater than $10,000.00 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."). Here, the Plaintiff's claims arise from TForce's interstate transportation of its goods between Massachusetts and New Jersey. *See infra.*

4. Plaintiff's claims for damage or loss to property transported in interstate commerce are governed exclusively by federal law, i.e., the Carmack Amendment. *See* 49 U.S.C. § 14706; *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S. Ct. 148 (1913) (observing that the Carmack Amendment covers "[a]lmost every detail of the subject ... so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it"). No state law can be applied in determining the existence or scope of liability of an interstate motor carrier under the Carmack Amendment. *Id; Intech, Inc. v.*

*Consolidated Freightways,* 836 2d 672, 677 (1st Cir.1987); *Rini v. United Van Lines, Inc.,* 104 F.3d 502 (1st Cir.2007), *cert. denied,* 522 U.S. 809 (1997). The Carmack Amendment, with few exceptions, "provide[s] the exclusive cause of action for loss or damage to goods arriving from the interstate transportation of those goods by a common carrier." *Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc.*, 888 F. Supp. 2d 197, 204–05 (D.N.H. 2012), *quoting Harris v. Crown Moving,* 2007 WL 1724299 at *2 (E.D. Wash. June 14, 2007); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007).

     5.    Where, as here, complete preemption exists, "[a] state claim may nevertheless be removed to federal court, as an exception to the well-pleaded complaint rule, 'when a federal statute wholly displaces the state-law cause of action through complete pre-emption.'" *York v. Day Transfer Co.*, 525 F. Supp. 2d 289, 295–96 (D.R.I. 2007) (negligence claims of shippers of household goods against transportation company and storage company, which stemmed from mold damage sustained by goods while they were in storage after interstate transportation, fell within sphere of complete preemption of Carmack Amendment, governing claims arising from failures in interstate transportation and delivery of goods, and thus were removable once shippers admitted that amount in controversy exceeded $10,000), *citing Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003) (involving the National Bank Act); *see also Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987) (involving the Employee Retirement Income Security Act); *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557 (1968) (involving the Labor Management Relations Act). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law" and is thus removable under § 1441(b). *Beneficial,* 539 U.S. at 8. As stated in *York*,

> Courts that have addressed this question directly agree that the Carmack Amendment completely preempts state claims based on the loss or damage of goods

shipped through interstate commerce. *E.g., Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 687–89 (9th Cir.2007); *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 778 (5th Cir.2003); *cf. Rini v. United Van Lines, Inc.,* 104 F.3d 502, 507 (1st Cir.1997) (noting, outside the removal context, that "our ruling [that the Carmack Amendment preempts the plaintiff's claims] preserves the uniformity of the federal scheme by protecting the federal government's *exclusive* jurisdiction over the shipper-carrier relationship") (emphasis supplied).

525 F. Supp. 2d 289, 296.[1] Along with *York*, other courts within the First Circuit have confirmed that the Carmack Amendment "has complete preemptive force." *See Clean Harbors Recycling Servs. Ctr. of Chicago, LLC v. Harold Marcus Ltd.*, 2013 WL 1329532, *6 (D. Mass. Mar. 29, 2013) ("Because it is 'well settled' that, in the interest of establishing uniform rules of carrier liability, 'the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property,' several courts have found the statute has complete preemptive force . . . I agree.") (internal citations omitted). *See also Ameriswiss*, 888 F.Supp.2d at 205 (adopting persuasive reasoning of the *York* decision with respect to Carmack Amendment preemption). One of Plaintiff's causes of action is a claim under the Carmack Amendment, which makes this matter removable for the reasons detailed herein. Even if a formal claim under the Carmack Amendment were not made, the complete preemption of Plaintiff's state law claims makes it removable.

6.　　TForce transported Plaintiff's goods from Massachusetts to New Jersey. *See* **Exhibit 1**, *Complaint*, ¶ 6. Furthermore, the amount in controversy exceeds $10,000.00. *Id.* at ¶ 15 and Civil Action Cover Sheet. The Civil Action therefore is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

---

[1] The First Circuit has held that Carmack Amendment preemption not only applies to claims arising out of the transport of goods, but also to the claims process itself. *Rini* 104 F.3d at 506 (Carmack preemption covers "all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims"). Plaintiffs' claim for unfair trade practices (Count V of Complaint) is also preempted by the Carmack Amendment.

7. TForce's Notice of Removal is filed within thirty (30) days of receipt of the Complaint.

8. Co-Defendant GlobalTranz Enterprises, Inc., consents to the removal of this matter.

9. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Clinton (Massachusetts) District Court and served upon counsel for the Plaintiffs.

10. After the filing of this Notice of Removal with this Court, (a) written notice of the filing of this Notice will be given by the attorneys for Petitioner to Plaintiff, (b) a certified copy of this Notice will be filed with the Clerk of the Clinton District Court, and (c) certified copies of all pleadings on file in said Plymouth Superior Court, will be filed with this Court within twenty-eight days. *See* L.R. 81.1(a).

11. TForce understands its obligation to file an answer or to present other defenses or objections available under the Federal Rules of Civil Procedure within seven days after the filing of this Notice of Removal, unless some later date applies. *See* Fed. R. Civ. P. 81(c)(2)(C).

12. By filing this Notice of Removal, TForce is not making a general appearance, and does not waive its rights to raise any defenses or grounds for dismissal pursuant to Fed. R. Civ. P. 12, or otherwise.

13. TForce has good and sufficient defenses to Plaintiff's claims in this action.

WHEREFORE, TForce Freight, Inc. respectfully requests that the above action now pending against it in the Clinton District Court in the Commonwealth of Massachusetts be removed therefrom to this Court.

                                                  Respectfully submitted,
                                                  TForce Freight, Inc.,
                                                  By its attorneys,

Dated: March 6, 2025                    /s/ *Daniel R. Sonneborn*
                                                  Daniel R. Sonneborn (BBO # 679229)
                                                  dsonneborn@preti.com
                                                  **Preti Flaherty Beliveau & Pachios LLP**
                                                  60 State Street, Suite 1100
                                                  Boston, MA  02109
                                                  (p) (617) 226-3800
                                                  (f) (617) 226-3801


## CERTIFICATE OF SERVICE

     I hereby certify this 6th day of March 2025 a copy of the foregoing *Notice of Removal* has been forwarded via email or other means to all parties as follows:

Gregory W. Wheeler
Law Office of Gregory W. Wheeler
15 Monument Square, Suite 225
Leominster, MA 01453
greg@gregorywheelerlaw.com

GlobalTranz Enterprises, Inc.
c/o Corporation Service Company
84 State Street
Boston, MA 02109

                                                  /s/ *Daniel R. Sonneborn*
                                                  Daniel R. Sonneborn

22780305.1